Shackelford, J.,
delivered the opinion of the Court.
A suit was brought against the plaintiff in error, in the Circuit Court of Shelby, on a bill of exchange for $5,800, dated Memphis, Tenn., March 18th, I860,, drawn payable to the order of W. Gr. Ford, the drawer, seven months after date, payable at the Union Bank, at New Orleans, directed to J. R. Orne, Memphis, Tenn., and by him accepted.
The bill was dishonored and protested for non-payment. There was no proof of notice to the drawer, *68 upon the protest of the bill, and the only evidence relied upon before the jury, to fix the liability of the drawer, was a receipt, given by' Ford to J. E. Orne, marked Exhibit (A,) in the record, and a letter, marked Exhibit (B,) from the plaintiff in error, to J. ’ E. Flourney, the President of the Bank in which the bill was negotiated.
The receipt marked Exhibit (A,) is as follows:
“Maeoh 14th, 1860. My acceptance of W. G-. Ford’s draft, payable to his own order, without date or condition, for $5,000, another for $5,000, another for $5,800, all the same term, the above three bills making $15,-800, and to negotiate or return.
W. Gr. Ford’s letter, Exhibit (B,) is as follows:
“DECEMBER 30th, 1860.
“L. M. FlourNEY, — My dear Sir:' — The do-nothing policy of our Banks, and the complete suspension of individuals here, about forces the necessity of the renewal of Mr. Murphy’s $5,180 bill, due at the Union Bank, at New Orleans, the 9th and 12th of January. I herewith enclose his acceptance, at three months from the maturity of the other, for the same sum, which, please apply, and for discount draw on me and advise me, and I will send the sum due. I made a trip to North Carolina in vain; and so far have failed to collect $2,400, due me in New Orleans, upon which I depended in the event of the executors of Captain Orne failing to pay his acceptance, $5,800. My levy contract, which I am prosecuting, yields me nothing before the taxes are collected, 1st of April next. Collections here are very meagre and insufficient, though the late *69 movement in cotton here bas offered a more cheerful aspect to affairs generally. I am glad you have not dunned me concerning the Orne paper, the consciousness of the debt being an all-sufficient pressure in these evil times. Truly yours,
“W. G. FORD.”
The Court, among other things not excepted to, charged the jury there were various modes of proving, to the satisfaction of the jury, that Ford had due notice of the draft sued on; that it is usually shown by certificates, made by the notary on the protest, or by testimony of witnesses proving strict notice. But, in addition to this, when there is no evidence that notice was not given, the jury may infer, from a subsequent promise to pay, or from a subsequent acknowledgment of liability, or from other sufficient facts and circumstances, that defendant had due notice. That a subsequent promise to pay, or acknowledgment of liability, in a case where it does not otherwise appear whether or not notice of protest was given, may be looked to by the jury, showing, or tending to show, either the defendant had notice, or that he was not entitled to notice; that the jury may look to the letter and receipts, and other evidences, written and oral, in the case; and if, from all the evidence, they are reasonably satisfied, either the defendant had no notice of the protest, or that having no funds in Orne’s hands with which to pay, and no promise from Orne to pay, so as to reasonably expect payment of draft by Orne, then they will find for plaintiff.
The counsel, for plaintiff in error, requested the *70 Court to instruct the jury, where it does not appear that notice had been given, a subsequent acknowledgment of liability to pay the debt is not ^sufficient to amount to a waiver of notice. To constitute a waiver of notice, where there is no proof of any notice having been in fact given, three things are necessary; first, an acknowledgment of. liability; second, a promise to pay the debt; third, such promise must be made with a knowledge of his discharge at the time he made the promise; that in such cases it must affirmatively appear, in proof, there was a full knowledge, by the drawer, of his discharge. Which instructions the Court refused to give, as not applicable to the principles governing the case. A judgment was rendered for defendant in error. A new trial was moved for, which was refused; to which the plaintiff excepted, and has filed the record for error. •
The causes of error assigned, are upon the charge of the Court, and the refusal to give the instructions prayed for by the counsel. The’ defense relied upon, was the failure to give notice upon the protest of the bill. It is not insisted, the notice was given; the receipt on a letter, marked Exhibits A and B, in the record, are relied upon to bring notice of the protest to the drawer. The bill is dated March 15, 1860. The receipt of the plaintiff in error, is dated the day previous to the date of the bill, in which he acknowledges the receipt of three bills, which he is to negotiate or return. The terms and conditions of the acceptance of one, does not appear. The presumption of law, is, the acceptor had assets in his hands; and the receipt *71 of the plaintiff in. error is relied upon, to rebut tbat presumption. The letter of December 30, 1860, of the plaintiff in error, is, it is insisted, an unconditional promise to pay the bill, and is such a promise and recognition of the debt, from which the jury could infer a notice of the protest of the bills. In many of the States, it is held an acknowledgement of the debt; and a promise to pay, is presumptive evidence of demand and notice. In ours, it has been held, if the indorser takes security after the maturity of the bill, this is evidence of demand and notice; “for why,” the Court say, “should a person take these steps to secure himself, unless his liability actually existed?” The question is no longer an open one in Tennessee. This Court held, in the case of Union Bank vs. Spurlock, 4 Hum., 336, there must be an acknowledgment of the debt, and a promise to pay it, by the drawer or in-dorser, to amount to a waiver of notice; and it must be made with a knowledge of his discharge at the time. This principle was again affirmed in the case of Gollady, Cheatham & Co. vs. Bank of the Union, 2 Head, 64, and is sustained by authority in 12 Wheat., 183. The Court below admitted the following as competent evidence, to support the action against the indorser of a note, without further proof of demand and notice. The defendant, on demand being made of him, said: “He knew the maker had not, and was not, to pay the note — that it was his concern alone.” The Court admitted the declarations amounted to an unequivocal assumption of the original liability of the defendant to pay the note; but the Court decided the defendant *72 could not be beld liable, because there was no proof of knowledge of laches, at the time the declaration was made. In 17 Maine Rep., 387, the only proof, in the case of demand and notice, was, that notices were, for the maker .and indorser, deposited in the post-office, on the day of the maturity of the bill — all the parties residing in the same town. The defendant told the plaintiff’s attorney, if he would not sue on the note, it would be paid immediately. Suit was, accordingly, stayed; and the defendant afterwards made similar promises. Held, the Court should have instructed the jury, that the action could not be maintained, because the facts do not show knowledge of laches. The same principle was held in the case of Crune vs. Colmele, 8 Johnson, 384; also, 18 John., 154 and 152. It is a rule of law, founded in strict justice and sound policy, that the holder of the bill is presumed' to know the burdens imposed on him when he takes it, to make the drawer or indorser liable. They have rights; and he should not be permitted to take advantage of his own laches, to s the injury of the drawer or indorser. The charge of the Court, therefore, that the jury may infer, from a subsequent promise to pay, or from an unqualified acknowledgment of the debt, the plaintiff in error-had notice, was error. The Court also erred, in refusing the insti-uctions asked for by the counsel of plaintiff in error.
The judgment of the Court below will'be reversed; the cause remanded, and a new trial awarded.